UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHANIE F. GREYER,

                Plaintiff,

v.

FBI,

                Defendant.

Case No. 25-CV-440-JPS

**ORDER**

On March 24, 2025, Plaintiff Stephanie Greyer ("Plaintiff"), proceeding pro se, filed this lawsuit together with a motion for leave to proceed without prepayment of the filing fee. ECF Nos. 1, 2.[1] This Order screens Plaintiff's complaint, and, finding that it is frivolous, dismisses the

---

[1] Plaintiff has previously filed eleven cases in this district, all of which were dismissed as frivolous. *Stephanie F. Greyer v. Fed. Bureau of Investigation*, Case No. 22-CV-251-BHL, ECF No. 7 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. FBI Agent Tanner et al.*, Case No. 22-CV-252-BHL, ECF No. 3 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. Fed. Bureau of Investigation*, Case No. 22-CV-253-BHL, ECF No. 6 (E.D. Wis. April 7, 2022); *Stephanie F. Greyer v. Mooseheart Child City and Sch. et al.*, Case No. 22-CV-254-BHL, ECF No. 4 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. Diamond Helms et al.*, Case No. 22-CV-374-BHL, ECF No. 3 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. Natasha Speed et al.*, Case No. 22-CV-375-BHL, ECF No. 3 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. Fed. Bureau of Investigation Chicago et al.*, Case No. 22-CV-376-BHL, ECF No. 3 (E.D. Wis. April 7, 2022); *Stephanie F. Greyer v. Fed. Bureau of Investigation et al.*, Case No. 22-CV-377-BHL, ECF No. 3 (E.D. Wis. Apr. 7, 2022); *Stephanie F. Greyer v. John/Jane Does, Organized Crime*, Case No. 24-CV-301-JPS, ECF No. 3 (E.D. Wis. Mar. 11, 2024); *Stephanie F. Greyer v. Judge Milian*, Case No. 24-CV-1388-LA, ECF Nos. 5 and 6 (E.D. Wis. Nov. 21, 2024 and Dec. 9, 2024); and *Stephanie F. Greyer v. Federal Government et al.*, Case No. 25-CV-280-BHL, ECF No. 4 (E.D. Wis. Feb. 28, 2025).

case with prejudice and denies as moot the motion for leave to proceed without prepayment of the filing fee.

When a pro se litigant seeks to proceed without prepayment of the filing fee, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, "not even excessively liberal construction rescues frivolous *pro se* complaints." *Mooseheart*, Case No. 22-CV-254-BHL, ECF No. 4 at 2 (citing *Denton*, 504 U.S. at 33). Notwithstanding the district court's obligation to "accept as true all of the well-pleaded facts in the complaint," *Kubiak*, 810 F.3d at 480–81 (citation omitted), it is not required "to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citing *Nietzke*, 490 U.S. at 327–28; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); and *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)).

Plaintiff purports to sue for a violation of her rights under federal law. ECF No. 1 at 4. However, her allegations do not make enough narrative sense for the Court to even begin determining what happened to her or on what, if any, legal claims she may pursue. Her allegations do not provide "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, let alone provide any information from which the Court could discern even the basic theory of Plaintiff's case. In short, her allegations are "some combination of fantastic, impossible, and/or incomprehensible." *Mooseheart*, Case No. 22-CV-254-BHL, ECF No. 4 at 2.

Plaintiff's complaint is premised entirely on these kind of incoherent allegations and, viewing it in light of her extensive history of frivolous litigation in this District, *see supra* note 1, the Court has no reason to think that she could cure this deficiency through amending her complaint. Accordingly, the Court need not give her leave to amend before dismissing her case. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (noting that the

district court need not grant leave to amend where "any amendment would be futile").

For these reasons, the Court will deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee and will dismiss this case with prejudice because her complaint is frivolous. *El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 751 (7th Cir. 2013) ("When a case of which the court has jurisdiction is dismissed because it . . . [is] frivolous . . . , the dismissal is a merits determination and is therefore with prejudice."); *Holland*, 503 F. App'x at 478 (affirming dismissal with prejudice of frivolous pro se complaint).

Finally, the Court previously "warn[ed] Plaintiff that if she continued to file plainly frivolous actions in this District, she may be subject to sanctions including the imposition of a filing bar." *John/Jane Does*, Case No. 24-CV-301, ECF No. 3 at 4. Plaintiff continued to file frivolous actions after this warning, *see supra* note 1, so the time has now come for the Court to follow through.

"[T]he right of access to federal courts is not absolute." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28

U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, . . . and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (collecting cases).

Under the circumstances presented by Plaintiff having eleven frivolous cases over the span of about three years—often filing multiple cases at one time—the Court finds it appropriate to impose a filing bar. Plaintiff will be barred from filing any paper in any case in this District for a period of five (5) years from the date of this Order. *See Support Sys. Intern., Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994). This shall include motions for reconsideration, but it will not include notices of appeal or papers related to exigent circumstances or in "any criminal case in which [Plaintiff] is a defendant or any application for habeas corpus that [s]he may wish to file." *Id.*; *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)). The Clerk of Court will be directed to return unfiled any such papers until the expiration of five (5) years from the date of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff Stephanie F. Greyer's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same hereby are **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** as frivolous; and

**IT IS FURTHER ORDERED** that Plaintiff Stephanie F. Greyer shall be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers related to exigent circumstances or in any criminal case in which she is a defendant or any application for habeas corpus, for a period of five (5) years from the date of this Order; consistent with the terms of this Order, the Clerk of Court shall **RETURN UNFILED** any such papers, received from, or on behalf of, Stephanie F. Greyer, together with a copy of this Order.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.